# CHRIS C. JORGENSBURG v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

May 24, 1912.

Nos. 17,610—(108).

**Vacating judgment — no abuse of discretion.**

Motion to vacate an order for dismissal of an action, pursuant to a stipulation between plaintiff and defendant's attorneys, and the judgment entered thereon. *Held:* The order was a discretionary one and there was no abuse of discretion in vacating the judgment of dismissal. Letters of plaintiff's attorney to the judge and defendant's attorney announcing his abandonment of a former motion to set aside the stipulation was not a waiver of his right to apply to the court to be relieved from the judgment thereafter entered upon the stipulation. [Reporter.]

Action in the district court for Douglas county to recover $35,500 for personal injuries received while a passenger upon defendant's train. From an order, Nye, J., vacating an order for judgment and a judgment entered thereon, defendant appealed. Affirmed.

*John L. Erdall, C. J. Gunderson, L. K. Eaton* and *Alfred H. Bright,* for appellant.

*Thomas D. Schall,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court for Douglas county vacating a former order for judgment of dismissal and the judgment entered thereon.

The facts are these: Plaintiff brought this action in June, 1911, to recover damages for personal injuries. September 5, 1911, plaintiff and a claim agent of defendant signed a stipulation reciting that the cause of action had been settled, providing that the case should be dismissed with prejudice, and requesting the court to enter an order of dismissal. Immediately thereafter plaintiff, through his attorneys, moved for an order setting aside this stipulation for dismissal and reinstating the case on the calendar for trial. This motion was heard by the court on affidavits, and taken under advisement. Before it was decided, plaintiff's attorney notified the judge and defendant's attorneys that he abandoned the motion. On November 9, 1911, the court, on the ex parte appli-

1 Reported in 136 N. W. 1134.

cation of defendant, ordered that the action be dismissed, pursuant to the stipulation. Judgment of dismissal was entered December 1. Meanwhile plaintiff brought suit in the Federal court on the same cause of action. Defendant answered setting up this stipulation and order for dismissal on the merits in the state court as a bar. It was at this point that plaintiff realized the difficulty in escaping the effect of the order, and made the motion to vacate it and the judgment entered thereon, from the order granting which motion this appeal is taken.

The order was a discretionary one, and the showing made was sufficient to make it clear that there was no abuse of discretion in vacating the judgment of dismissal. We cannot sustain defendant's point that the letters to the judge and to defendant's attorney announcing plaintiff's abandonment of his motion to set aside the stipulation, amounted to a waiver of his right to apply to the court upon a proper showing to be relieved from the judgment thereafter entered on the stipulation. Nor is there any merit in the technical objection that the guardian that had been appointed for plaintiff after the settlement was not made a party to the application to vacate the judgment.

Order affirmed.